PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JESSIE WILSON, JR., | ) | |
| | ) | CASE NO.  1:13CV00365 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| TERRY TIBBALS, | ) | |
| | ) | **ORDER** |
| Respondent. | ) | [Regarding ECF No. 19] |

Pending before the Court is *pro se* Petitioner Jessie Wilson's Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  United States Magistrate Judge

Gregory White prepared a report in accordance with 28 U.S.C. § 636(b)(1)(B) and recommended

that the habeas petition be denied.  ECF No. 17.  Petitioner timely filed an Objection to the report

and its recommendations.  ECF No. 19.  The Court has reviewed the above filings, the relevant

portions of the record, and the governing law.  For the reasons provided below, the Court

overrules Petitioner's Objection, adopts the report and its recommendation, and denies the habeas

petition.

## I.  Factual and Procedural History

### A.  Indictment and Conviction

On August 11, 2010, a Cuyahoga County Grand Jury indicted Petitioner with one count

of attempted murder, two counts of felonious assault, and one count of having a weapon while

under disability.  ECF No. 6-2.  The first three counts carried firearm and repeat violent offender

specifications.  ECF No. 6-2. A jury found Defendant guilty of attempted murder, felonious

(1:13CV00365)

assault, and possession of a weapon while under disability.  ECF No. 6-4.  Petitioner was

acquitted on the other felonious assault charge pursuant to Ohio Criminal Rule 29.  ECF No. 6-

4.  On November 1, 2010, the trial court sentenced Petitioner to an aggregate term of eighteen

years imprisonment: ten years for attempted murder and felonious assault, seven years for the

firearm specification, and one year for possession of a weapon while under disability.  ECF No.

6-4.  The facts underlying Petitioner's conviction, as set out by the state appellate court, are as

follows:

> The state's evidence showed that police officers were on patrol in a marked zone
> car as a result of several calls reporting drug activity in the neighborhood.  They
> were on the lookout for a blue, Ford Thunderbird automobile that had been the
> subject of specific complaints.  A dashboard-mounted video camera on the police
> car shows the officers slowing as they passed a parked, blue Thunderbird on a side
> street.  The police car reversed and pulled behind the Thunderbird.  There were
> three occupants in the car: a driver and passenger in the front seat and Wilson
> sitting in the back seat.  Wilson exited the car and the officers did the same.
> Without warning, Wilson then bolted across the street.  One of the officers
> followed.  When the officer was within arm's reach of Wilson, Wilson produced a
> black handgun and fired a shot.  The officer immediately moved out of the way
> and heard a second shot.  He rolled to the ground and pulled his service weapon,
> momentarily losing sight of Wilson.  When the officer recovered, he resumed
> pursuit on foot and radioed that shots had been fired and gave Wilson's
> description.  As other officers converged in response to the pursuing officer's
> reports, they cornered and apprehended Wilson.
>
> The dashboard-mounted video showed that as Wilson fled, he was holding the
> waistband of his pants in a manner that could be viewed as his attempt to keep a
> firearm from falling from his pants.  The audio on the recording distinctly features
> the sound of two gunshots.  The sound of two gunshots was consistent with the
> pursuing officer's radio reports that Wilson had fired shots at him with a 9mm
> handgun.

*State v. Wilson*, 2011 WL 5314451, 2011-Ohio-5653 (Ohio Ct. App., Nov. 3, 2011) ("ECF No.

6-13").  In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

2

(1:13CV00365)

of a state court, factual determinations made by the state courts are presumed correct.  28 U.S.C.

§ 2254(e)(1); *see also House v. Bell*, 283 F.3d 37 (6th Cir. 2002).

### B. Direct Appeal

On December 1, 2010, Petitioner, represented by counsel, filed a Notice of Appeal with

the Court of Appeals for the Eighth Appellate District ("state appellate court") raising the

following assignments of error:

1.  The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove felonious assault.
2.  The appellant's convictions were against the manifest weight of the evidence.
3.  Appellant was deprived of a fair trial where his statement was heard by the jury.

ECF No. 6-9.  On November 3, 2011, the Eighth Appellate District Court affirmed Petitioner's

convictions.  ECF No. 6-13.  Regarding Petitioner's first assignment of error, the court ruled that

"the pursuing officer's testimony that Wilson discharged a gun at him was sufficient to prove

both the attempted murder and felonious assault charges."  ECF No. 6-13, PageID#: 562.  In

response to Petitioner's second assignment of error, the court ruled that despite the lack of

corroborating physical evidence, the statements of the testifying officer "coupled with evidence

documenting the sound of gunshots, were credible evidence from which the jury could find that

Wilson fired a gun despite the inability to recover the gun or its shell casings."  ECF No. 6-13,

PageID#: 564.  The court further explained:

> The narrow standard of review we employ in appeals challenging the sufficiency
> and manifest weight of the evidence requires us to determine whether *any* rational
> trier of fact could view the evidence in this case as establishing the essential
> elements of the charged offense and whether the verdict is contrary to all of the
> evidence.  Had there been no video and audio evidence describing the
> circumstances of the officer's pursuit, Wilson might have prevailed in his

3

(1:13CV00365)

> arguments.  It is even possible that a different jury, presented with the same
> evidence, might have found Wilson's arguments compelling.  But we are unable
> to say that no rational trier could have viewed the evidence presented as proof that
> Wilson possessed and discharged a firearm.

ECF No. 6-13, PageID#: 564-65 (emphasis in the original).  Lastly, regarding Petitioner's last

assignment of error, the court ruled that Plaintiff's failure to seek suppression prior to trial under

Ohio Crim.R. 12(C)(3) of an incriminating statement that Petitioner made to an officer after his

arrest ("All I know, I'm going to jail for a long time") waived Petitioner's objections to the

introduction of the statement under Ohio Crim. R. 12(H).  The court concluded by stating that

"[a] motion to suppress evidence is the mechanism by which the accused asserts claimed

violations of the right against self-incrimination."  ECF No. 6-13, PageID#: 566.

On November 15, 2011, Petitioner, proceeding *pro se*, filed a Notice of Appeal with the

Supreme Court of Ohio and raised the following propositions of law:

> 1.  The trial court erred in denying Appellant's Criminal 29 Motion for Acquittal
> where there was insufficient evidence of Felonious Assault and Attempted
> Murder.
> 2.  The Appellant's convictions were against the Manifest Weight of the
> Evidence.
> 3.  Appellant was deprived of a fair trial where [sic] his statement was heard by
> the jury.  ECF No. 6-16.

On February 22, 2012, the appeal was dismissed as not involving any substantial

constitutional question.  ECF No. 6-17.

### C.  Federal Habeas Petition

On February 19, 2013, Petitioner filed a Petition for Writ of Habeas Corpus and asserted

the following grounds for relief:

> 1.  Sufficiency of the evidence.
> 2.  Petitioner was denied a fair trial when his statement was heard by the jury.

4

(1:13CV00365)

ECF No. 1.  The matter is ripe for review.

## II.  Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Near verbatim regurgitation of the arguments made in earlier filings are not true objections.  When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvjetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'"  *Id.* (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case.

## III.  Standard of Review for Habeas Petitions

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see also Woodford v.*

(1:13CV00365)

*Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 420, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Wilkins*, 512 F.3d at 774. A federal court may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d at 774–76.

A decision is contrary to clearly established law under 28 U.S.C. § 2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of . . . clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, rather than dicta. *Id.* at 415.

(1:13CV00365)

A state court's determination of fact will be unreasonable under 28 U.S.C. § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528–29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Forensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### IV. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b); *see Baldwin v. Reese*, 541 U.S. 27 (2004). A petitioner satisfies the exhaustion requirement when he presents his claims to a state supreme court for review of his claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

A claim is properly exhausted, when it has been "fairly presented" to the state courts. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. In determining whether a

(1:13CV00365)

petitioner "fairly presented" a federal constitutional claim to the state courts, courts should

consider whether the petitioner (1) phrased the federal claim in terms of the pertinent

constitutional law or in terms sufficiently particular to allege a denial of the specific

constitutional right in question, (2) relied upon federal cases employing the constitutional

analysis in question, (3) relied upon state cases employing the federal constitutional analysis in

question, or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law."

*See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d

674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts

as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*,

731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts

under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142

F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from

the one previously considered and rejected in state court.  *Id.*  This does not mean that the

petitioner must recite "chapter and verse" of constitutional law, but he is required to make a

specific showing of the alleged claim.  *Wagner,* 581 F.3d at 415.

   The procedural default doctrine serves to bar review of federal claims that a state court

has declined to address because the petitioner did not comply with a state procedural

requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is

not based on a resolution of federal constitutional law, but instead "rests on independent and

adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  When

the last explained state court decision rests upon procedural default as an "alternative ground," a

federal district court is not required to reach the merits of a habeas petition.  *McBee v.*

8

(1:13CV00365)

*Abramajtys*, 929 F.2d 264, 267 (6th Cir.1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary.  *See Coleman*, 501 U.S. at 735.

To determine if a claim is procedurally defaulted, a court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule, (2) whether the state courts actually enforced the state procedural sanction, and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  If a petitioner fails to show cause for his procedural default, the court need not address the issue of prejudice.  *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court.  Claims that were not so evaluated, either because they had not been exhausted or because they are procedurally defaulted are not cognizable on federal habeas review.

(1:13CV00365)

## V.  Analysis

### A.  Sufficiency of the Evidence

Petitioner objects to the finding that there was sufficient evidence to convict him.  He argues that the state appellate court's conclusion that sufficient evidence supported his conviction is both unreasonable and contrary to law.  ECF No. 19, PageID#: 769.  To support his objection, Petitioner cites to *Jackson v. Virginia*, 443 U.S. 307, 317 (1979) which sets the standard for determining if a conviction is supported by sufficient evidence.  As Petitioner has quoted, *Jackson* clearly states that in reviewing the issue of sufficiency, "[t]he relevant question is whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 at 308 (emphasis in the original).  In making such a determination, a district court may not substitute its own determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of the witnesses.  *See id.*; *see also Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).  Moreover, federal courts are required to give deference to factual determinations made in state court and "[a]ny conflicting inferences arising from the record . . . should be resolved in favor of the prosecution." *Heinish v. Tate*, 1993 WL 460782 at *3 (6th Cir. 1993) (citing *Walker*, 703 F.2d at 969-70); *Wright v. West*, 505 U.S. 277, 296 (1992) (the deference owed to the trier of fact limits the nature of constitutional sufficiency review).

Petitioner is citing the correct standard for review, but fails to properly interpret and apply this standard to his own case.  The *Jackson* standard is highly deferential to the prosecution, not to habeas petitioners.  The Supreme Court recently underlined that district courts must review sufficiency of the evidence claims for habeas petitioners with "double deference":

10

(1:13CV00365)

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference.  First, on direct appeal, 'it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial.  A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury.' *Cavazos v. Smith*, 565 U.S. 1. ----, 132 S.Ct. 2, 4, 181 L.Ed.2d 311 (2011) (per curiam).  And second, on habeas review, 'a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid.* (quoting *Renico v. Lett*, 559 U.S. ----, ---- , 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678 (2010)).

*Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012).  Under *Jackson*, after viewing the evidence in the light most favorable to the prosecution in Petitioner's case, if *any* rational juror could have found the elements of attempted murder, felonious assault, and having a weapon while under disability proven beyond a reasonable doubt, Petitioner's convictions must stand.  A district court must restrict its review of a habeas petition to a determination of whether the state court "was unreasonable in *its* conclusion that a rational trier of fact could find [petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

For attempted murder, the State had to prove that Petitioner purposefully attempted to cause the death of another.  O.R.C. §§ 2903.02(A) & 2923.02(A).  For felonious assault, the State had to prove that Petitioner knowingly attempted to cause physical harm to another by means of a deadly weapon.  O.R.C. § 2903.11(A)(2).  Lastly, for having a weapon while under disability, the State had to prove that Petitioner knowingly acquired, had, used or carried a firearm while he was under indictment for a felony offense of violence or had previously been convicted of a felony offense of violence.  O.R.C. § 2923.13(A)(2).  Petitioner was convicted on all three offenses.

11

(1:13CV00365)

After reviewing the facts as described by the state appellate court, *supra* at 2, and after an independent review of the trial record, the Court finds that the evidence is sufficient to uphold Petitioner's convictions for attempted murder, felonious assault, and having a weapon while under disability. The Court also reviewed video footage from the dashboard camera ("dash-cam") of the police cruiser that the officers drove. ECF No. 16. The video largely mirrors the facts as presented in the state appellate court's decision, and was played for the jury. ECF No. 6-5, PageID#: 245-46. It matches the testimony of the testifying police officers, showing the police car driving up to a blue car from which an individual exited and ran off across the street, holding up his waistband. ECF No. 16. The dash-cam shows an officer running in pursuit of the individual. Soon after the individual and the officer disappear from the camera's view, what sounds very much like two gunshots can be heard.

When viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of all the crimes of which Petitioner was convicted beyond reasonable doubt. Does there exist the possibility that a juror, somewhere, would find that the prosecution did not prove Petitioner committed the crimes beyond a reasonable doubt, even when viewing the evidence in the light most favorable to the prosecution? It is doubtful. Given the testimony of the witnesses such as the witnessing police officer, Patrolman Raoul Antanacio, the pursuing officer at whom Petitioner fired, Patrolman Donald Kopchak, and the video footage, the Court finds it highly unlikely that a juror, somewhere, would find that the prosecution did not prove Petitioner's guilt beyond a reasonable doubt. Nevertheless, for argument's sake and assuming that such a juror exists, it would not matter. *Jackson* does not demand that the Court find a juror who believes that there was insufficient evidence to prove Petitioner's guilt. *Jackson* demands that the

(1:13CV00365)

Court view the evidence in a light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

There is ample evidence that Petitioner fired a weapon at Officer Kopchak.  From this evidence, one can infer that Petitioner purposefully attempted to cause the death of Officer Kopchak. The same evidence is sufficient to demonstrate that Petitioner knowingly attempted to cause physical harm to Officer Kopchak by means of a deadly weapon. Lastly, the same evidence is sufficient to demonstrate that Wilson carried or used a firearm.  The state appellate court's conclusion that there was sufficient evidence to support Petitioner's conviction was neither unreasonable or contrary to clearly established federal law.

### B.  Fair Trial

Petitioner next objects to the magistrate judge's determination that Petitioner had received a fair trial:

> Petitioner objects to the Magistrate Judge reaching the merits on the issue instead of determining, as Wilson argued in his Traverse, that the state court's decision had "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," pursuant to 28 USC 2254(d)(2).

ECF No. 19, PageID#: 770-71.  In his habeas petition, however, Petitioner argued, rather confusingly, that "the State court's ruling was contrary to clearly established federal law for a number of reasons." ECF No. 1, PageID#: 21, ¶16.  It is well established that new arguments raised for the first time in a traverse, rather than the habeas petition itself, are not properly before the Court and will not be considered. *See, e.g.*, *Murphy v. Ohio*, 551 F.3d 485, 505 n. 4 (6th Cir.2009) (stating that "a district court may decline to review a claim that a party raises for the first time in his traverse") (citing *Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir.2005)); *Jalowiec v. Bradshaw*, 657

(1:13CV00365)

F.3d 293, 311-12 (6th Cir.2011) (federal habeas court need not consider arguments raised for the first time in a traverse). Thus, to the extent that Petitioner is attempting to make a new argument in his Traverse with regard to the applicable section of 28 USC § 2254, that new claim is not properly before the Court.

Further, even taking at face value the new argument Petitioner attempts to incorporate into his Traverse, the Court finds that the state court's decision was not "an unreasonable determination *in light of the evidence presented in the State court proceeding*." 28 U.S.C. § 2254(d) (emphasis added).  On direct appeal, Petitioner argued that he was "deprived of a fair trial where his illegally obtained statement was heard by the jury.  ECF No. 6-9, PageID#: 513.  The transcript reveals the following relevant exchange between the prosecution and police detective Michael Benz, who arrived on the scene after the shooting, on direct examination during Petitioner's trial:

| | |
|---|---|
| Witness: | [Petitioner] was laying on – laying back in the seat, you know, covered in sweat.  He didn't have a shirt on.  The window was halfway open.  I looked in the window.  I asked him: hey what's going on.  First thing he said: *All I know, I'm going to jail for a long time.* |
| Def. Counsel: | Objection, your Honor. |
| | |
| The Court: | Side bar.<br>(Thereupon a discussion was had between the Court and counsel off the record at the bench after which the following proceedings were had in open court:) |
| | |
| The Court: | I'm going to sustain the objection.<br>Ladies and gentlemen, I mentioned this to you earlier; if you wrote it down, I'm going to ask you to strike it.  That's going to be not part of the evidence, the comment that was just made.  You're to ignore that response.  It should not be used in any way during your deliberations based on my finding as the judge.<br>My job as judge is to handle the legal matters.  So the statement that was just made I'm going to strike from the record.  I'm going to ask you to strike it, anyone who made that a note at all. |

(1:13CV00365)

ECF No. 6-6, PageID #: 347-48 (emphasis added). On direct appeal, Petitioner argued that his

statement ("All I know, I'm going to jail for a very long time") was illegally obtained, an argument

not before the Court, and that the jury was prejudiced by hearing the statement, even though the trial

judge ordered jury members to strike the statement from their consideration and notes. Petitioner

did not argue in his direct appeal that his counsel was unaware of Petitioner's statement; something

he attempts to argue now. Nor did Petitioner present that argument in his brief to the Ohio Supreme

Court. As stated above, a state court's determination of fact will be unreasonable only if it represents

a "clear factual error." *Wiggins*, 539 U.S. 510 at 528-29 (2003). In rejecting Petitioner's argument

regarding a prejudiced jury, the Ohio appellate court remarked:

> Crim.R. 12(C)(3) provides that certain motions to suppress evidence must be filed
> before trial. The failure by the defendant to raise defenses or objections "or to make
> requests that must be made prior to trial shall constitute waiver of the defenses or
> objections," unless the court grants relief from the waiver for good cause shown. See
> Crim.R. 12(H); *State v. Campbell* (1994), 69 Ohio St.3d 38, 44, 630 N.E.2d 339 ("By
> failing to file a motion to suppress illegally obtained evidence, a defendant waives
> any objection to its admission"); *State v. Chandler*, 8th Dist. No. 81817,
> 2003–Ohio–6037, ¶ 32 ("[b]y failing to file a motion to suppress illegally obtained
> evidence, a defendant waives any objections to its admission.")

ECF No. 6-13, PageID#: 565-66. The Court finds that the Ohio appellate court made no clear factual

error. The Ohio appellate court rested its decision on an independent and adequate state ground. As

stated above, a federal district court is not required to reach the merits of a habeas petition if the last

explained court decision rests upon procedural default. *McBee*, 929 F.2d at 267. The failure to

move to suppress the statement under Ohio Crim.R. 12(C)(3) falls under Ohio's contemporaneous

objection rule:

> [F]ailure to move to suppress, which the state courts view as a waiver . . . is an
> expression of Ohio's contemporaneous objection rule. Ohio's contemporaneous

15

(1:13CV00365)

> objection rule is an adequate and independent state rule, so that a defendant who fails to object waives review of the issue both in state review and federal habeas corpus review absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Nields v. Bradshaw*, 482 F.3d 442, 451 (6th Cir. 2007); *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Williams v. Bagley*, 380 F.3d 932, 967-68 (6th Cir. 2004); *Scott v. Mitchell*, 209 F.3d 854, 866-68 (6th Cir. 2000) . . . Further, the subsequent unexplained denial of appeal by the Ohio Supreme Court is presumed to rest on the continuation of this procedural default when the state supreme court decision is unexplained.

*Whatley v. Smith*, No. 08-1632, 2009 WL 4282926, at *12 (N.D. Ohio, Nov. 30, 2009). The only mechanism left for Petitioner to overcome the procedural default on federal habeas review is if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 722. Under *Maupin*'s four-part test,

> the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. [ ... ] Second, the court must decide whether the state courts actually enforced the state procedural sanction. [ ... ] Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. [ ... ] This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. [ ... Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate [ ... ] that there was "cause" for him not to follow the procedural rule *and that he was actually prejudiced* by the alleged constitutional error.

*Maupin*, 785 F.2d at 138 (emphasis added). The Court has already established that 1) Ohio Criminal Rule 12(C)(3) is applicable to Petitioner's claim, 2) the appellate court properly enforced the rule against Petitioner, and 3) the rule serves as an adequate and independent state ground on which the state relied to foreclose Petitioner's claim. Petitioner argues, for the first

16

(1:13CV00365)

time on habeas review, that the "cause" for his failure to follow the state procedural rule was his counsel's ignorance that Petitioner had even made the incriminating statement to the police officer. Nowhere in the transcript does Petitioner's counsel state that he was unaware of Petitioner's statement. Petitioner did not request that the trial court record the side bar conference that occurred after his counsel's objection. Nor did Petitioner attempt to have the state court record supplemented with the contents of the off-the-record side bar conference in any of his state appeals. Lastly, Petitioner does not claim ineffective assistance of counsel or actual innocence. At this late stage, the Court is left to ponder why Petitioner failed to bring this argument before the state court. Furthermore, the Court's review is limited to the record that was before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1392 (2011) ("the record under review is also limited to the record in existence at that same time–*i.e.,* the state court-record").

Regardless of whether Petitioner can show cause for his failure to follow the procedural rule of filing a motion to suppress his incriminating statement before trial, Petitioner cannot show that he was actually prejudiced. The crux of Petitioner's argument is that he did not receive a fair trial because the jury heard his incriminating statement, regardless of the trial court's curative attempt. Upon review, the Court determines that Petitioner received a fair trial. "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States*, 344 U.S. 604, 619 (1953). "Not every admission of inadmissable hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently." *Bruton v. United States*, 391 U.S. 123, 135 (1968). A court "normally presume[s] that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability'

17

(1:13CV00365)

that the jury will be unable to follow the court's instructions, *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant, *Bruton*, 391 U.S. 123, 136 (1968)." *Greer v. Miller*, 483 U.S. 756, 767 (U.S. 1987); *Fears v. Bagley*, 462 F. App'x 565 (6th Cir. 2012); *United States v. Frazier*, 314 F. App'x 801, 806 (6th Cir. 2008) ("[O]nce the court gave limiting instructions to the jury, we must presume that they were followed.").

Because Petitioner can neither satisfy the prejudice requirement of *Maupin* nor demonstrate that failure to consider his claim will result in a fundamental miscarriage of justice under *Coleman*, the Court holds that Petitioner has procedurally defaulted his claim.

## V.  Evidentiary Hearing

In his objections, and separately as a new motion, Petitioner requested an evidentiary hearing.  ECF No. 18.  The Court dismissed, without prejudice, Petitioner's Motion for an evidentiary hearing, but stated it would review the merits of Petitioner's request when the Court issues a ruling on Petitioner's habeas petition.  ECF No. 22.  Setting the standard for evidentiary hearings,  28 U.S.C. § 2254(e)(2) states:

> 2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
>> (A) the claim relies on--
>>
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(1:13CV00365)

> (ii) a factual predicate that could not have been previously
> discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear
> and convincing evidence that but for constitutional error, no reasonable
> factfinder would have found the applicant guilty of the underlying offense.

Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459-60 (6th Cir. 2001) (citing *Wilson v. Kemena*, 12 F.3d 145, 146 (8th Cir. 1994) (citation and internal quotation omitted).  However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit.  *Id.*

Petitioner seeks a hearing in an attempt to discover, for the first time on federal habeas review, the content of the sidebar conversation between the trial judge and counsel regarding Petitioner's objection regarding his incriminating statement, an objection that the trial judge sustained.  Petitioner does not meet the 28 U.S.C. § 2254(e)(2) standard.  Because the Court has determined that Petitioner's right to a fair trial was not compromised, there is no need for a hearing.  Petitioner seeks to have a hearing to essentially recreate the side bar conversation from the memories of counsel, the prosecutor, and the trial judge.  As Petitioner's objection can easily be resolved by reference to the transcripts and record provided, an evidentiary hearing is not required.  The Court maintains the denial of his motion.

## VI.  Conclusion

For the reasons above, the Court denies Petitioner's petition and adopts the magistrate judge's Report and Recommendation.  ECF No. 17.  Furthermore, the Court certifies, pursuant to

(1:13CV00365)

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and

that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.

R. App. P. 22(b).


       IT IS SO ORDERED.


  April 30, 2015                                  /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge